Hanson v. Biddle.

---

JOHN F. HANSON, *Plaintiff*, v. THOS. C. BIDDLE, *as Superintendent, etc., et al., Defendants.*

No. 17,627.

SYLLABUS BY THE COURT.

INSANE PERSONS — *State Hospital — Communicating with "Friends"—Right of Attorney Acting Professionally.* Section 8481 of the General Statutes of 1909, which provides that every patient admitted to a public hospital for the insane shall have all reasonable opportunities for communicating with his or her friends, does not confer upon an attorney the right to invade the hospital in a merely professional capacity

for the purpose of seeing and talking with patients who have sent him word that they are of sound mind and desire him to secure their discharge.

Original proceeding in mandamus. Opinion filed May 22, 1911. Writ denied.

*John F. Hanson,* for the plaintiff.

*Charles D. Shukers,* and *H. C. Bowman,* for the defendants.

The opinion of the court was delivered by

BURCH, J.: The plaintiff is an attorney at law. The defendants are, respectively, the superintendent of the state hospital for the insane, at Topeka, and the members of the state board of control. The plaintiff alleges in his petition that in the regular practice of law he has received word from certain inmates of the hospital, who are confined there as insane patients, that they desire the plaintiff to secure their discharge, on the ground that they are not insane; that the defendants refuse to allow the plaintiff to see and talk with such inmates and to inspect the hospital records relating to their confinement; and that, therefore, the plaintiff's rights are violated, and particularly his rights under section 8481 of the General Statutes of 1909 (Laws 1901, ch. 353, § 69), which provides that every patient admitted to a public hospital for the insane shall have all reasonable opportunities for communicating with his or her friends. The prayer of the petitioner is that an alternative writ of mandamus issue requiring the defendants to allow the plaintiff the right he claims to possess.

The plaintiff has no legal right to see and talk with the patients in the hospital to whom he has been denied access. He does not pretend that he ever knew or saw or heard of them before, and he has no interest in them except as an attorney. The hospital is main-

. Hanson v. Biddle.

tained for the benefit of persons afflicted with brain sickness rendering them incapable of caring for themselves. To open the doors of the institution to the idle and curious or to busybodies and persons with mercenary designs would be to destroy discipline among the inmates and to retard their restoration to mental health. Therefore the legislature limits the right of communication with them to friends. The friends contemplated by the statute are relatives and former associates and acquaintances who, from sentiments of affection, esteem or kindly regard, are interested in them and in their welfare. Attorneys who seek to invade the hospital in a merely professional capacity for the purpose of promoting business are not recognized.

If an inmate of the hospital have no friends in fact of the character described the state of Kansas stands toward him in that relation. The welfare of the patient, who, because of his disability, is unable to make use of his normal liberties, is the matter of primary consideration in every case of detention at the hospital, and it is a subject of the deepest concern to all the authorities that no one who is fit to be discharged shall be detained. Private communication between patients and the board of control is secured by law. Ample provision is made for discharge and for parol when, in the judgment of the board or of the superintendent of the hospital, such course is proper, and for establishing the fact of sanity or restoration to reason in an orderly way, even in opposition to the judgment of those officials. It will not be assumed that power which is exercised with the kindest intention and for the most benevolent purposes is being abused, and small room should be allowed for the intervention of individuals to whom patients may smuggle communications stating that they are of sound mind and want to be released, and who are, therefore, intruders and disturbers.

The writ of mandamus is denied.